UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERVEST INTERNATIONAL
EQUITIES CORPORATION,

        Petitioner,

v.                                                Case No. 12-CV-13750
                                                    Honorable Denise Page Hood

MICHAEL AND PATRICIA ABERLICH,

        Respondents.

_____/

## ORDER GRANTING MOTION TO DISMISS

The parties are before the Court on two separate cases, involving one arbitration award, and two competing requests for relief: the Aberlichs seek to remand this matter back to state court in order to confirm an arbitration award and Intervest, of course, seeks to keep the action in federal court and vacate the arbitration award. In this matter, Intervest urges the Court to vacate the arbitration award. Now before the Court is Respondents Michael and Patricia Aberlich's Motion to Dismiss pursuant to Rule 12(b)(1), filed August 29, 2012. For the reasons stated below, Respondents' Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

The Aberlichs filed a Financial Industry Regulatory Authority (FINRA) arbitration proceeding against Intervest, Anthony G. Manaia, and Manaia Capital Management (MCM) in January 2010. Intervest is a FINRA member and a Florida corporation. Manaia is a Florida resident and FINRA member. MCM is a Michigan corporation. On August 2, 2012, an arbitration panel entered a decision in favor of the Aberlichs on their state law claims finding

Intervest, Manaia, and MCM jointly and severally liable for $450,064 in compensatory damages, $152,223.19 in interest, and $125,000 in expert and attorney fees.

On August 13, 2012, the Aberlichs filed an action against all three Defendants in Oakland County Circuit Court to confirm the arbitration award. Intervest removed this action to federal court on August 24, 2012. Intervest also filed this action to vacate the arbitration award on August 23, 2012. This motion followed.

## II.     STANDARD OF REVIEW[1]

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction places the burden on the plaintiff to demonstrate that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). There are two types of attacks on subject matter jurisdiction: facial and factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the pleading itself and the court will review the pleading as a Rule 12(b)(6) motion to dismiss, accepting all factual allegations as true and viewing it in the light most favorable to the nonmoving party. *Id.* A factual attack challenges the "factual existence of subject matter jurisdiction" and the court is not required to presume that all factual allegations are true. *Id.* "[T]he court is free to weigh the evidence and satisfy itself as

---

[1] In addition to analyzing the motion to dismiss pursuant to Rule 12(b)(1), Intervests argues that the Court should consider the motion under Rule 12(b)(7). It explains that the Aberlichs argue that MCM is an indispensable party. Essentially, the question before the Court is whether MCM's participation is required to confirm or vacate the arbitration award when MCM, the absent party, agreed, along with Intervest, to arbitrate its dispute with the Aberlichs. According to the Aberlichs, if the Court deems that MCM is an indispensable party, diversity jurisdiction will be destroyed. Given that the question of whether MCM is an indispensable party will determine the question of jurisdiction, the Court will proceed under both Rule 12(b)(1) and 12(b)(7).

to the existence of its power to hear the case." *Id.* If at any point the court determines that it does not have subject matter jurisdiction, it must dismiss the case. *See* Fed.R.Civ.P. 12(h)(3).

A Rule 12(b)(7) motion allows the Court to dismiss a complaint for failure to join an indispensable party under Rule 19. If a party cannot be joined under Rule 19, "the [C]ourt must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors the Court must consider include: (1) the extent of prejudice that would result from a judgment in the party's absence; (2) the extent such prejudice could be lessened or avoided; (3) whether a judgment without that party would be inadequate; and (4) whether there would be an adequate remedy for the plaintiff if the action was dismissed. Fed. R. Civ. P. 19(b); *see E.E.O.C. v. Peabody Western Coal, Co.*, 610 F.3d 1070, 1083 (9th Cir. 2010).

### III.   ANALYSIS

The Court's power to review an arbitration award under the Federal Arbitration Act (FAA) is extremely narrow. *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 330 F.3d 843, 845 (6th Cir. 2003). The Court may only vacate an arbitration award under a set of narrow circumstances. *First Options v. Kaplan*, 514 U.S. 938, 943 (1995) (citing 9 U.S.C. § 10). Before the Court may reach the issue of whether one of the narrow set of circumstances applies, the Court must be satisfied that it in fact has jurisdiction to consider the matter; the FAA requires that the Court have jurisdiction over the underlying dispute before it may confirm or vacate an arbitration award. *Ford v. Hamilton Inv*., 29 F.3d 255, 258 (6th Cir. 1994).

####    A.   Diversity Jurisdiction

Intervest filed this action on the basis of diversity and federal question jurisdiction. [Docket No. 1, Pg ID 2] The Aberlichs argue that this Court does not have diversity jurisdiction

because Intervest has failed to join a non-diverse indispensable party: MCM. To satisfy diversity jurisdiction pursuant to 28 U.S.C. § 1332, the district court must be satisfied that the amount in controversy exceeds $75,000 and "*each* defendant is a citizen of a different State from *each* plaintiff", complete diversity. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). If the Court joins MCM, there will be no basis for diversity jurisdiction. To that end, the question before the Court is whether a non-diverse party's presence is essential to confirm or vacate the arbitration award. The Court finds that the answer to that question is yes.

Federal Rule of Civil Procedure 19 governs the joinder of parties. Rule 19 contemplates a two-step inquiry to determine whether the failure to join an indispensable party requires the Court to dismiss the action: the Court must consider (1) whether the absent party is truly required and (2) if so, whether equity and good conscience require the case be dismissed. Fed. R. Civ. P. 19. Answering either question in the negative does not foreclose litigation. *See Sch. Dist. V. Sec'y of the United State Dep't of Educ.*, 584 F.3d 253, 264-65 (6th Cir. 2009). Pursuant to Rule 19(a)(1), a party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (I) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Court finds that MCM is a required party under Rule 19(a)(1)(A). The Court is not convinced that it can provide complete relief without MCM's presence. Intervest asks the Court to vacate the arbitration award because MCM was not a proper party to the arbitration.

Essentially, Intervest is asking the Court to render a decision on MCM's rights without MCM's presence. Intervest, MCM, Manaia all agreed, with the Aberlichs, to be bound by the arbitration award.[2] The Court cannot confirm the arbitration award without MCM's presence. *See* 9 U.S.C. § 9 ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."). Necessarily, the Court will not rule on the relative rights of the parties to the arbitration award without the presence of all parties to the arbitration. In sum, the Court will not render a ruling regarding whether MCM was properly before the arbitration panel when MCM is not before the Court.

Rule 19(b)(1) further provides that:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should

---

[2] Although not relevant to this motion's resolution, the Court finds it curious that Intervest is attempting to vacate the arbitration award by arguing that MCM was not a proper party. Intervest does not indicate that it ever objected to MCM as a party to the arbitration. Intervest voluntarily entered into an arbitration agreement and, now that it has an unfavorable award, attempts to vacate the award by only joining those parties that will allow it to get into its desired forum. Any objection that Intervest had was waived when it did not challenge MCM's participation during the arbitration. *Gordon v. Dadante*, 294 Fed. Appx. 235, 238 (6th Cir. 2008) ("A party may explicitly waive its right to arbitration, or may waive its rights by failing to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right and cause the opposing party to suffer prejudice.") (quoting *General Star Nat'l Ins. Co. v. Administratia Asigurarilor De Stat*, 289 F.3d 434, 438 (6th Cir. 2002)); *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002) ("It is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack the procedure on grounds not raised before the arbitrators when the result turns out to be adverse.") (citing *Marino v. Writers Guild of America, East, Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993)); *United Indus. Workers v. Gov't of the V.I.*, 987 F.2d 162, 168 (3d Cir. 1993) ("because arbitrators derive their authority from the contractual agreement of the parties, a party may waive its right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration and failing to object on the grounds that there was no agreement to arbitrate."); *Owen-Williams v. Merrill Lynch, Pierce, Fenner & Smith*, 907 F. Supp. 134, 137 (D. Md. 1995) ("Failure to challenge arbitrability in timely fashion and participating in the arbitration proceedings, in other words, will result in waiver of the right to object.").

proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>   (1)  the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>   (2)  the extent to which any prejudice could be lessened or avoided by:
>     (A)  protective provisions in the judgment;
>     (B)  shaping the relief; or
>     ©  other measures;
>   (3)  whether a judgment rendered in the person's absence would be adequate; and
>   (4)  whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Court cannot proceed without MCM "in equity and good conscience" because allowing Intervest to attempt to invalidate the arbitration award without MCM present would prejudice the Aberlichs and possibly MCM. The Aberlichs first filed the companion action in Oakland County Circuit Court seeking to confirm the arbitration award. Intervest improperly removed the action based on federal and diversity jurisdiction although MCM is a party to the companion action. The companion action must be remanded back to state court because the Court does not have jurisdiction.[3] To allow two competing litigations seeking conflicting relief

---

[3] In the companion matter, Aberlich *v. Manaia* Case No. 12-13767, Intervest removed the action on the basis of federal question and diversity jurisdiction. The Court also found that it does not have jurisdiction over the matter and has remanded it back to Oakland County Circuit Court for further proceedings.

Given that the state action was filed first and is ongoing, the Court also finds in inappropriate to consider pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine cautions the federal district court to abstain from interfering with a pending criminal prosecution absent "extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The doctrine's application was extended to civil proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). The Court must consider three factors when determining whether it should abstain from interfering with a state court proceeding: (1) whether there is an underlying ongoing judicial proceeding; (2) whether an important state interest is implicated in the underlying proceeding; and (3) whether there is an adequate opportunity to raise constitutional issues in the underlying proceeding. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

The Court finds that all three factors are present. Given the remand back to state court, there is an ongoing underlying state proceeding. An important state interest is implicated. A plaintiff should be able to file an action to confirm an arbitration award without fear that an

would undoubtedly prejudice the Aberlichs and MCM. Furthermore, if the Court finds that the arbitration award cannot be vacated but instead must be confirmed, it would be unable to render a complete judgment because MCM must be joined to the action. *See* 9 U.S.C. § 9

Intervest argues that, because Intervest and MCM are jointly-and-severally liable, MCM is an indispensable party. The Court is aware of the well-settled principle that joint tortfeasors and co-obligors are not indispensable parties under Rule 19. "[A] person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001); *see also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) ("It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum."); *Nottingham v. Gen. Am. Comm. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("Fed. R. Civ. P. 19, Adv. Note ("Rule 19 does not require joinder of persons against whom [parties] have a claim of contribution."); Fed. R. Civ. P. 19 ("a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability."). "'Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible.'" *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 217 (E.D. Mich. 1995) (quoting *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984)).

This action is not about what may happen to the parties subsequent to the requested relief. Intervest is asking the Court to decide on the parties' ability to enter into an arbitration agreement in the first place. This matter concerns requested relief that will undo the parties'

---

unhappy defendant will remove it improperly. Intervest will have an adequate opportunity in state court to adjudicate interests.

agreement. Arbitration awards are to be enforced under contract principles. *See Volt Info. Scis., Inc. v. Bd. Of Trs. Of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) (arbitration is "a matter of consent, not coercion."). The Court will not invalidate a contract, especially based on the arguments rightly asserted by an absent party, without all the parties present to that agreement before the Court. The Court finds that MCM is an indispensable party and, because joinder is not feasible, this Court lacks diversity subject matter jurisdiction.

        B.        **Federal Question Jurisdiction**

In the absence of diversity jurisdiction, Intervest must have a separate basis for federal question jurisdiction. Intervest argues that federal question jurisdiction exists because the FINRA violated its own rules during the exercise of its regulatory functions. However, the Sixth Circuit has already foreclosed this argument. *See Ford,* 29 F.3d at 259 ("A breach of the NASD (FINRA's predecessor) rules does not present a question that arises under the laws of the United States within the meaning of 28 U.S.C. § 1331, and it follows *a fortiori* that compliance with NASD rules does not give rise to federal question jurisdiction.") (citations omitted). Intervest relies on several cases from other circuits that found that a violation of the NASD rules was a basis for federal question jurisdiction. *See Sparta Surgical Corp. v. NASD,* 1996 U.S. Dist. LEXIS 13197, 6, 1996 WL 556944 (N.D. Cal. Aug. 14, 1996) (unpublished) (finding federal question jurisdiction existed when the claim was against the NASD as a regulator); *Hawkins v. NASD*, 149 F.3d 330, 331-332 (5th Cir. 1998) (same). These cases involve actions against FINRA's predecessor, a regulatory body. FINRA is not named in this action; this matter involves private parties. The contention that the NASD rules were violated absent more does not confer federal question jurisdiction. The Court finds there is no federal question jurisdiction and dismisses this case.

V.     **CONCLUSION**

Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss under Rule 12(b)(1) [Docket No. 6, filed August 29, 2012] is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.


                s/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated: March 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2013, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager